IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

YANTSE VIANEY-RAMIREZ,

    Defendant.

Case No. 18-CR-02853 MV

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Yantse Vianey-Ramirez's Motion to Compel Rule 16 and *Brady* Materials. Doc. 71. The government filed a Response in opposition [Doc. 72] and then an Amended Response without objection [Doc. 76]. Having considered the motion, the relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and accordingly will be **DENIED**.

## BACKGROUND

Ms. Vianey-Ramirez is charged in this case in two counts of a nine-count Superseding Indictment with conspiracy to distribute and possess with the intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846; and distributing 500 grams and more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Doc. 84 at 2–3. The alleged conspiracy began no later than November 2016 and continued until around June 2017. *Id*. at 2. Ms. Vianey-Ramirez's alleged distribution occurred on or about December 22, 2016. *Id*. at 3.

On February 4, 2019, Ms. Vianey-Ramirez filed the instant Motion to Compel Rule 16 and *Brady* Materials. Doc. 71. She asks the Court to compel the production of two categories of information:

1. The post-arrest statements of all defendants charged in this case and in *United States v. Cabrales*;[1] and

2. The identities of the confidential informants who have provided the government information regarding her and any and all reports documenting the receipt of that information.

*Id*.

With regard to the post-arrest statements, Ms. Vianey-Ramirez argues that because the government decided to charge the six defendants in this case together in a single indictment, it should not deny her the Rule 16 evidence of the conspiracy that it has produced to her co-defendants. *Id*. at 5. She further argues that timely disclosure of her co-defendants' post-arrest statements would promote judicial economy by allowing her to review the statements and "make any necessary motions to suppress or to sever based upon *Bruton v. United States*, 391 U.S. 123, 136–137 (1968)." *Id*.

With regard to the identities of confidential informants, Ms. Vianey-Ramirez argues that in order to properly test the government's evidence, it is critical she know the identities of the confidential informants "who have provided information regarding the scope and duration of the conspiracy which the Government alleges [her] to have participated in." *Id*. at 7. She points to the fact that the government has referred to "multiple potentially overlapping conspiracies" in this

---

[1] At the time of the instant Motion and the government's Amended Response, Ms. Vianey-Ramirez had not yet been charged in the *Cabrales* case. See Doc. 76 at 1. However, on April 24, 2019, she was charged in that case with one count of conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of methamphetamine. *See* Sealed Redacted Indictment, *United States v. Cabrales*, No. 18-CR-2852 MV, at 3–4 (D.N.M. Apr. 24, 2019), ECF No. 102. The conspiracy charged in *Cabrales* allegedly occurred several months after the conspiracy charged in this case, beginning no later than December 2017 and ending around September 2018. *Id.*

case as well as in *Cabrales* and argues that she needs to review the claims made by cooperators in order to "disentangle the facts and to defend against the Government's implied claim that [she] has engaged in one unbroken conspiracy dating back eight or more years." *Id*. Ms. Vianey-Ramirez also points to the fact that the government referred to a particular confidential informant, CS-4, in its response to her Motion for Release on Conditions. *Id*. at 6. She argues that she is entitled to know CS-4's identity in order to explore the information CS-4 provided the government and its reliability, regardless of whether they have since absconded and will be unavailable as a witness at trial. *Id*.

The government filed its Amended Response on March 5, 2019. Doc. 76. It first argues that the requested information is not "material" within the meaning of Rule 16 or *Brady v. Marlyand*, 373 U.S. 83 (1963) because it does not intend to call any confidential informants or any of the defendants in this case or *Cabrales* in its case-in-chief. Doc. 76 at 4. The government then specifically addresses the two categories of requested information.

With regard to Ms. Vianey-Ramirez's request for the post-arrest statements of charged defendants, the government responds that because no such statements will be offered in its case-in-chief, there is nothing Ms. Vianey-Ramirez needs to review for the purpose of suppression. *Id*. at 6. It further represents that should a defendant become a witness in its case-in-chief, it will provide Ms. Vianey-Ramirez with the relevant statement, and there would be no issues under *Bruton* because she will have the opportunity to cross-examine the defendant-witness when they take the stand. *Id*. (citing *Bruton*, 391 U.S. at 123).

As to severance, the government argues that in the event Ms. Vianey-Ramirez is charged in the *Cabrales* case (as she since has been), any co-defendant statements obtained post-arrest and as a result of interrogation fall outside the terms of the charged conspiracy. *Id*. at 6–7. It further

submits that even if those statements do qualify as co-conspirator statements under the hearsay rules, they still fall beyond the scope of what Ms. Vianey-Ramirez is entitled to under Rule 16. *See id.* at 7. Finally, the government submits that *Brady* does not require disclosure of the requested co-defendant statements because, on information and belief, "no exculpatory statements exist as to [her]." Doc. 76 at 7 (citations omitted).

With regard to Ms. Vianey-Ramirez's request for the identities of the cooperating informants, the government responds that she has not met her burden for disclosure under *Roviaro v. United States*, 353 U.S. 53 (1957), because "no confidential informant who provided information about [her] played an active role in any of the charged crimes." Doc. 76 at 9–10. It represents that while confidential informant information was included in the later wiretap affidavits in the instant case and in *Cabrales*, the information provided by CS-4 "was not relied upon" to authorize the wiretap on which Ms. Vianey-Ramirez was intercepted in relation to the alleged drug transaction in December 2016. *Id.* at 10–11. It further represents that no confidential informant observed that transaction or participated in the intercepted calls with Ms. Vianey-Ramirez during the charged conspiracy. *Id.* at 11. Finally, because CS-4 is a fugitive from justice, the government argues that "there is no legitimate basis to believe a pretrial interview will be possible, much less calling CS-4 as a witness at a trial on the merits." *Id.* at 8.

## DISCUSSION

### I. Legal Standard

#### a. Discovery Under *Brady v. Maryland* and Rule 16

There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government, however, is obligated to make disclosures required by the Federal Rules of Criminal Procedure and by due process. *See* Fed. R. Crim. P. 16.

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S.at 87. This rule covers both impeachment evidence and exculpatory evidence. *See Giglio v. United States*, 405 U.S. 150, 154 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within [the *Brady*] rule.") (citation omitted).

Federal Rule of Criminal Procedure 16 provides in pertinent part that "[u]pon defendant's request, the government must permit the defendant to inspect and to copy" certain items "within the government's possession, custody, or control" if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Under Rule 16(a)(1)(A), a defendant is entitled to "the substance of any relevant oral statement by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A). While this subsection entitles a defendant to her own conspiratorial statements, it does not entitle her to "the conspiratorial statements of codefendants." *See United States v. Lujan*, No. 05-CR-924 RB, 2008 WL 11359112 at *2 n.4 (D.N.M. Oct. 21, 2008) (listing cases from the Fourth, Sixth, Seventh, Eleventh, and D.C. Circuits).

The Supreme Court has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to arguments that respond "to the Government's case in chief" rather than simply any argument that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See also United States v. Lujan*, 530 F. Supp. 2d 1224,

1234 (D.N.M. 2008) ("The term 'defense' means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged."). Given this definition of materiality, nothing in Rule 16 or *Armstrong* conflicts with the government's obligation under *Brady* and its progeny. *See, e.g.*, *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) ("Under *Brady,* the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment."). For purposes of Rule 16(a)(1)(E)(i), materiality "means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *See United States v. Burger*, 773 F. Supp. 1419, 1424 (D. Kan. 1991) (citation omitted). Rather, "there must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* (citation omitted); *see also United States v. Lloyd*, 992 F.2d 348, 350–51 (D.C. Cir. 1993).

Where a defendant requests undisclosed evidence from the government, she "must make a prima facie showing of materiality." *Lujan*, 530 F. Supp. 2d at 1234. However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). While this burden is not a heavy one, "the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *United States v. Jordan,* 316 F.3d 1215, 1250 (11th Cir. 2003) (internal quotation marks omitted).

### b. The Disclosure of a Confidential Informant's Identity Under *Roviaro v. United States*

Regarding the disclosure of an informant or a confidential source's identity, the Supreme Court has recognized that the government has a privilege to "withhold from disclosure the identity

of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. "The purpose of this privilege is the furtherance and protection of the public interest in effective law enforcement." *Id*. This privilege seeks to encourage citizens to perform their obligation of communicating knowledge of crimes to law enforcement, particularly by preserving their anonymity. *Id*. It is not an absolute privilege, however, and must give way where "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id*. at 60–61. The determination of whether to interview an informant prior to trial is a matter for the accused, rather than the government, to decide. *Id*. at 64.

However, where the government opposes disclosure of the informant's identity, the trial court must balance the "public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. The Supreme Court has set out factors for courts to weigh in considering whether disclosure is proper, including: "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*. In making this determination, the court is to consider the particular facts and circumstances of the case. *United States v. Rivas*, 26 F.Supp.3d 1082, 1114 (D.N.M. 2014) (citing *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997)). The Tenth Circuit has made clear that the burden is on the defendant to show that the informant's potential aid to his or her case outweighs the public's interest in protecting the flow of information resulting from maintaining confidentiality of the informant's identity. *Id*. (citing *Sinclair*, 109 F.3d at 1538). However, if an informant is a "'participant in and a material witness to' the alleged criminal transaction, the disclosure of his or her identity is sometimes required." *Rivas*, 26 F.Supp.3d at 1113 (quoting *Roviaro*, 353 U.S. at 65 n.15).

7

The Tenth Circuit has held that "mere speculation about the usefulness of an informant's testimony is not sufficient" to compel disclosure. *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987) (citations omitted); *see also United States v. Ortiz*, 804 F.2d 1161, 1167 (10th Cir. 1986) ("a defendant must do more than speculate about the usefulness of information about an informer") (citations omitted). Disclosure is also not required where "it is clear that the informant cannot aid the defense." *Sinclair*, 109 F.3d at 1538 (citations and internal quotations omitted). Nor is disclosure required where the informant "did not participate in the transaction in question." *Id*. (citing *Garcia v. United States*, 373 F.2d 806 (10th Cir. 1967)); *see also Ortiz*, 804 F.2d at 1166 ("Disclosure is not required when the informer is not a participant in, or witness to, the crime charged.") (citations omitted); *Scafe*, 822 F.2d at 933 (reiterating that disclosure is not required where the information sought would be "merely cumulative" or where the informant was not a participant in the transaction in question); *United States v. Cruz*, 680 F.3d 1261 (10th Cir. 2012) (denying disclosure of a confidential informant's identity where the controlled buy with the informant was not the basis of the indictment against the defendant and the informant did not testify at trial). The Tenth Circuit has also held that disclosure is not required where "the informer merely provides the initial introduction." *Ortiz*, 804 F.2d at 1166 (citing *Reardon*, 787 F.2d at 517 (citations omitted)); *see also United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993) ("Nor must the government supply the defendant with information about an informer when the individual introduces suspected traffickers to narcotics agents.") (citing *Ortiz*, 804 F.2d at 1166).

In *United States v. Moralez*, the Tenth Circuit described several broad categories of informants. 908 F.2d 565, 568 (10th Cir. 1990) (citing *United States v. Fischer*, 531 F.2d 783, 787 (5th Cir. 1976)). Where the informant is a "mere tipster," disclosure is not required. *Id*. (citations omitted). On the other extreme, where the informant played a crucial role in the

transaction, disclosure and production of the informant is required for a fair trial. *Id*. (citation omitted). Finally, there are cases where there is a "slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant." *Id*. (citing *Fischer*, 531 F.2d at 787). However, the Tenth Circuit has held that "it is error of constitutional dimension to deny disclosure solely because of the potential danger to the informant" if disclosure is essential to a fair determination of the case. *Scafe*, 822 F.2d at 934.

## II. Analysis

### a. Post-Arrest Statements

The Court finds that Ms. Vianey-Ramirez has not met her burden of establishing her entitlement to the post-arrest statements of her co-defendants in this case or in *Cabrales*. As the government argues, the part of Rule 16 that entitles Ms. Vianey-Ramirez to her own statements does not similarly entitle her to the statements of her co-conspirators. *See* Fed. R. Crim. P. 16(a)(1)(A); *Lujan*, WL 11359112 at *2 n.4. To be entitled to the statements under Rule 16, she must therefore make a showing that they will be used in the government's case-in-chief or that they are material to preparing her defense. Fed. R. Crim. P. 16(a)(1)(E). As to the former, the government has represented that it will not be introducing any of the requested statements in its case-in-chief, and if it does, it will disclose them to the defense. Doc. 76 at 6.

The Court further finds that Ms. Vianey-Ramirez has not made the requisite *prima facie* showing as to why the requested statements are material to her defense. *Lujan*, 530 F. Supp. 2d at 1234. Although she asserts that it is "inappropriate" for the government to deny her Rule 16 evidence that it has produced to other co-defendants, she does not explain why, especially in light of the fact that Rule 16 only entitles a defendant to their *own* post-arrest statements, as explained above. Doc. 71 at 5. Ms. Vianey-Ramirez's argument that she may need the statements to prepare

9

motions to suppress or sever also does not satisfy her burden. Doc. 71 at 5. As the government explains, because it is not offering any co-defendant statements in its case-in-chief, there is nothing to suppress, and because the government represents that any co-defendant statements that do come in will come in through the testimony of a live witness subject to cross-examination, there should be no Confrontation Clause issues under *Bruton* in this case. Doc. 76 at 6. The possibility that the disclosure of a co-defendant statement could lead to a motion to sever in the *Cabrales* case is also not a relevant consideration here; if Ms. Vianey-Ramirez still believes that to be true, she can file a discovery motion in *Cabrales* for the Court to consider separately.

Finally, the government represents that *Brady* does not require the disclosure of the requested statements because "no exculpatory statements exist as to [Ms. Vianey-Ramirez]." Doc. 76 at 7. The Court relies on this representation and expects that the government will continue to abide by its constitutional obligation to timely disclose any evidence that is favorable and material under *Brady*.

### b. Identities of Confidential Informants

After considering the particular circumstances of this case and balancing the factors enumerated by the Supreme Court in *Roviaro*, the Court additionally finds that Ms. Vianey-Ramirez has not demonstrated that the benefits she will gain from the disclosure of the confidential informants' identities would outweigh the public's interest in "protecting the flow of information" to law enforcement by preserving their confidentiality. 353 U.S. at 62.

Regarding the crime charged, Ms. Vianey-Ramirez is charged in this case with being a member of a conspiracy to distribute cocaine and with distributing cocaine on or about December 22, 2016. *See* Doc. 84 at 2–3. The government concedes that confidential informant information, including information provided by CS-4, was included in the later wiretap affidavits here and

*Cabrales*. Doc. 76 at 10. However, it asserts that CS-4's information was not relied upon for the wiretap authorization that led to the interception of Ms. Vianey-Ramirez's communications in this case; that no confidential informant participated in the intercepted calls; and that no confidential informant was integrally involved in the December 22, 2016 cocaine delivery, unlike in *Roviaro*. *Id.* at 10–11. Ms. Vianey-Ramirez has not challenged these representations, and she has not indicated that any of the confidential informants may have been a "participant in" or a "material witness to" the alleged drug transaction or conspiracy. *Rivas*, 26 F.Supp.3d at 1113 (quoting *Roviaro*, 353 U.S. at 65 n.15).

As to possible defenses, Ms. Vianey-Ramirez has not indicated with specificity how the requested disclosures would aid in her defense. She argues generally that she needs to know the informants' identities to "properly test the Government's evidence," "interview witnesses," and conduct a "proper investigation prior to trial." Doc. 71 at 7. She also argues that she needs to know the informants' identities to disentangle the facts of the "potentially overlapping conspiracies" charged in this case and *Cabrales*. However, as the government points out and as Ms. Vianey-Ramirez has not challenged, the only confidential informant she specifically refers to, CS-4, is a fugitive from justice, and therefore seems unlikely to be able to aid the defense. *See* Doc. 76 at 8. *See also Sinclair*, 109 F.3d at 1538 (stating that disclosure is not required where "it is clear that the informant cannot aid the defense."). The fact that the government has represented that it does not intend to call any confidential informants in its case-in-chief, [Doc. 76 at 3–4], further reduces the materiality of any information the defense could potentially gain from knowing their identities.

Finally, the "possible significance of the informer[s'] testimony" seems to weigh against disclosure. *Roviaro*, 353 U.S. at 62. Again, the government has represented that no informants

will provide testimony in its case-in-chief, and unless the situation has recently changed, the defense will not likely be able to call CS-4 in its case. Nor has Ms. Vianey-Ramirez provided reason to believe that the other unnamed informants could provide useful testimony in her defense.

In sum, Ms. Vianey-Ramirez has not established that the confidential informants in this case played a central role in the charged offenses or would provide material information such that the disclosure of their identities is necessary to her receipt of a fair trial. *Moralez*, 908 F.2d at 568. While the Court respects the defense's legitimate interest in obtaining discovery, it also respects the public's countervailing interest in protecting the flow of information from confidential informants to the government, as the Supreme Court requires it to do. *Roviaro*, 353 U.S. at 62. Because on balance the facts of this case weigh against disclosure, the Court will not order the government to disclose the confidential informants' identities.

## CONCLUSION

For the reasons set out above, Ms. Vianey-Ramirez's Motion to Compel Rule 16 and *Brady* Materials [Doc. 71] is **HEREBY DENIED**. If Ms. Vianey-Ramirez has additional arguments on why she is entitled to undisclosed discovery in the *Cabrales* case in which she is now charged, she can file a discovery motion in that case. If facts pertinent to the disposition of the instant Motion in *this* case have changed in recent months (such as CS-4's unavailability as a witness), Ms. Vianey-Ramirez can file a motion for reconsideration on the grounds of new evidence previously unavailable. *See United States v. Christy*, 749 F.3d 534, 539 (10th Cir. 2014) (motions for reconsideration are proper in criminal cases); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (previously unavailable evidence is a ground for a motion for reconsideration).

ENTERED this 30th day of October, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Justine Fox-Young,
*Attorney for Ms. Vianey-Ramirez*

Alexander M. M. Uballez
Elaine Y. Ramirez
*Assistant United States Attorneys*